## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMAGEVISION.NET, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | C. A. No. 12-054-GMS-MPT |
| | : | |
| v. | : | |
| | : | |
| INTERNET PAYMENT EXCHANGE, | : | |
| INC., | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

### A.    Procedural Background

On January 18, 2012, ImageVision.Net, Inc. ("Imagevision" or "plaintiff") filed suit against Internet Payment Exchange, Inc. ("IPX" or "defendant") for infringement of U.S. Patent No. 7,567,925 ("the '925 patent").[1]  Defendant filed its answer to the complaint on March 19, 2012, denying infringement of the '925 patent and asserting various affirmative defenses, including invalidity, laches, and estoppel.[2]  By court order issued on May 16, 2012, a Rule 16 Scheduling Conference was set for June 21, 2012.[3]

IPX filed an *inter partes* reexamination request with the Patent and Trade Office ("PTO") on June 15, 2012,[4] which seeks reexamination of all claims of the '925 patent.[5]

---

[1] D.I. 1.
[2] D.I. 9.
[3] D.I. 12.
[4] D.I. 15 at Ex. B.
[5] *Id.*

Shortly after filing this request with the PTO, on June 18, 2012, IPX filed a motion to stay in this patent action pending the *inter partes* reexamination.[6]  Defendant submitted its brief in support of the motion to stay on June 18, 2012,[7] and plaintiff answered in opposition on July 10, 2012.[8]  On July 20, 2012, defendant filed its reply brief.[9]

By letter dated June 20, 2012, IPX informed the court of its reexamination request and asked to postpone the Rule 16 Scheduling Conference set for the following day until after the PTO decided to grant or deny its request.[10]  As initially ordered, the Scheduling Conference occurred on June 21, 2012, and plaintiff served its first discovery requests on defendant on June 26, 2012.[11]  As of the date of this Report and Recommendation, the PTO has neither granted nor denied defendant's request for reexamination.

**B.    Legal Standard**

The court's "inherent power to conserve judicial resources by controlling its own docket" includes the discretion to stay a litigation,[12] which has been found to extend to patent cases where a reexamination by the Patent and Trade Office has been requested.[13]  "In determining whether a stay is appropriate, the court's discretion is

---

[6] D.I. 14.
[7] D.I. 15.
[8] D.I. 21.
[9] D.I. 25.
[10] D.I. 16.
[11] D.I. 18.
[12] *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).
[13] *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

guided by the following factors:  '(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.'"[14]  A final decision is made with an eye toward maintaining an even balance between the competing interests of the parties at issue.[15] "In maintaining that even balance, the Court must consider whether 'there is even a fair possibility that the stay would work damage on another party.'"[16]

### C.    Positions of the Parties

Defendant posits the following in support of its motion to stay:  (1) "this Court's precedent greatly favors granting a stay;"[17] (2) the original "examination of the '925 patent is suspect;"[18] (3) "the judicially recognized benefits of reexamination are present in this case;"[19] (4) plaintiff "will not suffer undue prejudice or clear tactical disadvantage;"[20] (5) "a stay will simplify this case;"[21] (6) "the procedural posture of the case favors a stay;"[22] and (7) defendant "will be financially burdened if forced to litigate

---

[14] *Wall Corp. v. Bonddesk Group, LLC*, C.A. No. 07-844-GMS, 2009 U.S. Dist. LEXIS 20619, at *2-*3 (D. Del. Feb. 24, 2009) (quoting *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

[15] *See SoftView LLC v. Apple, Inc.*, C.A. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6-*7 (D. Del. July 26, 2012) ("In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance.") (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

[16] *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (quoting *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)).

[17] D.I. 15 at 9.

[18] *Id.*

[19] *Id.* at 10.

[20] *Id.* at 10-11.

[21] *Id.* at 10.

[22] *Id.* at 11.

in district court."[23]

Arguing against defendant's motion to stay, plaintiff counters:  (1) "the reexamination would not simplify the issues in this case;"[24] (2) the timing and status of the litigation and the reexamination weighs against a stay;[25] and (3) plaintiff "would be unfairly prejudiced by [the] stay."[26]  Plaintiff emphasizes the prejudice potentially created by a stay and claims the stay is merely sought "to gain a tactical advantage in the market place and litigation."[27]

In response, IPX urges the court to reject Imagevision's argument because:

(1) Imagevision relies entirely on precedent that is not from this Court and that is distinguishable from and/or contrary to this Court's precedent; (2) this Court has recognized that a stay pending reexamination by definition results in case simplification; (3) this case is in its infancy; and (4) Imagevision fails to identify legally cognizable prejudice and asserts prejudice on grounds explicitly rejected by this Court.[28]

IPX contends when "[c]onsidering this Court's jurisprudence, all three factors support [its] motion to stay this case."[29]

## II.   ANALYSIS

The court has discretion when deciding whether or not to stay patent infringement litigation pending a reexamination of the patent in suit.[30]  As listed above, this discretion is guided by the following factors:  ""(i) whether a stay would unduly

---

[23] *Id.*
[24] D.I. 21 at 11.
[25] *Id.* at 14.
[26] *Id.* at 15.
[27] *Id.* at 19.
[28] D.I. 25 at 6.
[29] *Id.* at 14.
[30] *See Ethicon*, 849 F.2d at 1426-27.

4

prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.'"[31]   After analyzing each of the three factors, and taking into consideration the premature filing of the motion currently before the court, it is recommended defendant's motion to stay be denied.

### A.      Status of the Litigation

In pointing to the timing and status of litigation and reexamination as factors weighing against a stay, plaintiff argues "the pleadings are closed, the Scheduling Conference has been held, a revised proposed scheduling order has been submitted, and Imagevision has served its first set of documents requests and interrogatories."[32] Plaintiff emphasizes the significance of this discovery activity and argues "merely claiming that the stage of the case is early is not sufficient grounds to support a stay."[33]

Defendant agrees both the litigation and discovery are at a nascent stage, but notes plaintiff's argument "that even the slightest foray into discovery" supports denying the motion[34] ignores "the legally relevant inquiry considers not whether discovery has **commenced**, but rather whether discovery is **complete and a trial date set.**"[35] Contrary to plaintiff's argument, defendant contends the preliminary stage of this litigation favors a stay, especially in the absence of a set trial date.[36]

---

[31] *Wall Corp.*, 2009 U.S. Dist. LEXIS 20619, at *2-*3 (quoting *Xerox Corp.*, 69 F. Supp. 2d at 406).
[32] D.I. 21 at 15.
[33] *Id.*
[34] D.I. 25 at 11.
[35] *Id.* (emphasis in original).
[36] *Id.*

Although initial discovery has begun and a scheduling order issued, "this case is still in its infancy, and the record is relatively sparse."[37]  No trial date has been set and discovery is not scheduled to be completed until July 19, 2013.[38]  Imagevision does not demonstrate how the facts of this case weigh against a stay despite the obvious lack of significant discovery activity.  As a result, the status of the litigation favors a stay.[39]

**B.    Simplification of Issues Before the Court**

Plaintiff argues a stay will not simplify the issues before the court because "[e]ven if reexamination were granted by the PTO, there are *many issues* present in this case that the PTO simply cannot and will not address, thus they will have to be litigated in this Court."[40]  Those issues include:  (1) the infringement and damages; (2) the defenses under 35 U.S.C. §§ 101 and 112; and (3) the equitable defenses, such as laches and estoppel.[41]  Additionally, plaintiff posits "[t]his Court is the best forum to resolve the issues among the parties because it is more efficient than the PTO with regard to the issues involved in the parties' dispute."[42]

Defendant counters by insisting plaintiff "cannot dispute that *inter partes*

---

[37] *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, C.A. No. 10-503-SLR, 2010 U.S. Dist. LEXIS 123493, at *4 (D. Del. Nov. 22, 2010).

[38] D.I. 24 at 3, ¶ 3.

[39] In analyzing this prong, some courts have taken into account the status of reexamination relative to the status of the litigation, *see SoftView LLC*, 2012 U.S. Dist. LEXIS 104667, at *4 ("[T]he early stage of the litigation must be balanced against the stage of the reexamination proceedings.").  However, it is more appropriate to consider the reexamination status under the prejudice analysis, and the court will address this issue accordingly.

[40] D.I. 21 at 11 (emphasis in original).

[41] *Id.*

[42] *Id.* at 12.

reexamination will simplify the issues in this case,"[43] "[n]or has this Court required reexamination to resolve every issue between parties to a patent infringement action."[44] It urges the court to consider the following advantages to granting a stay pending reexamination:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if the patent[] [is] declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.[45]

Defendant further contends "this Court has routinely recognized Congress' 'approval of district courts *liberally* granting stays within their discretion.'"[46]

Although defendant is correct that a stay could simplify the issues before the court, a proper analysis does not focus solely on what the PTO may simplify, but also considers the issues the PTO cannot address.[47]  Plaintiff is correct that defendant's

---

[43] D.I. 25 at 7.

[44] *Id.* at 8.

[45] *Id.* (citing *Textron Innovations, Inc. v. Toro Co.*, C.A. No. 05-486-GMS, 2007 U.S. Dist. LEXIS 100102, at *2-*3 (D. Del. Apr. 25, 2007)).

[46] *Id.* at 9 (quoting *Alloc, Inc. v. Unilin Decor N.V.*, C.A. No. 03-253-GMS, 2003 U.S. Dist. LEXIS 11917, at *7-*8 (D. Del. July 11, 2003) (emphasis added in original)).

[47] *See Softview LLC*, 2012 U.S. Dist. LEXIS 104677, at *9 (denying stay where "[t]he scope of the reexamination proceedings currently before the PTO is limited to potential invalidity issues arising under only Sections 102 and 103.  By contrast, Defendants have disputed infringement and invalidity under 35 U.S.C. §§ 101, 102, 103, and 112 . . . [and] also have raised the equitable defenses of laches, waiver, estoppel, acquiescence, and/or unclean hands.") (internal citations omitted); *see also Belden Techs. Inc. v. Superior Essex Communs. LP*, C.A. No. 08-63-SLR, 2010 U.S. Dist. LEXIS 90960, at *7 (D. Del. Sept. 2, 2010) (denying stay because "a stay is more appropriate when the only issues left for trial completely overlap with those typically resolved upon reexamination.  Conversely, a stay is not favored when infringement,

"vague assertion of 'simplification of issues' can be argued in every case, yet courts do not uniformly grant stays as a matter of course when a reexamination request is filed with the PTO."[48]  By considering the totality of the circumstances, the court ensures steps are taken to maintain an even balance between the competing interests of the parties at issue.[49]  Should the PTO grant defendant's reexamination request, many issues outside the purview of the reexamination would remain to be tried.[50]  Therefore, because the scope of the issues to be resolved during litigation substantially exceeds the scope of the issues that can be resolved during the reexamination proceedings, this factor disfavors a stay.

C.   **Prejudice**

i.   **Relationship Between the Parties**

Regarding prejudice, Imagevision emphasizes the direct competition between the two parties, and claims this competition heightens prejudice because "a stay would prevent Imagevision from pursuing legal remedies against its competitor for an indefinite and possibly extensive amount of time, *i.e.*, up to six years or longer."[51]  "Given the fast pace of technology development, particularly in the computer software and payment collection space, loss of the early years of a patent term may effectively render the '925 patent worthless as technology moves forward."[52]  As a result, "Imagevision would face

―――――――――――――――

validity under 35 U.S.C. § 112, or other issues outside the purview of reexamination remain to be tried.").
    [48] D.I. 21 at 12.
    [49] *See Softview LLC*, 2012 U.S. Dist. LEXIS 104677, at *6-*7.
    [50] *See Belden Techs. Inc.*, 2010 U.S. Dist. LEXIS 90960, at *7.
    [51] D.I. 21 at 16.
    [52] *Id.* at 18.

losing market share, sales, and good will of its patented technology."[53]  IPX counters

that "Imagevision's arguments of 'prejudice' have been flatly rejected by this Court's

precedent - precedent that Imagevision fails to cite."[54]  In support of its argument, IPX

cites case law that rejected the basis of Imagevision's claims of prejudice.  IPX notes

"Imagevision wrongly submits that prejudice results simply because the parties have

competing products."[55]

      Although competition between two parties is not dispositive, "the relationship

between the parties is '[o]f particular importance' because '[c]ourts are generally

reluctant to stay proceedings where the parties are direct competitors."[56]  Regarding the

parties in the instant matter, "[a]s a competitor of Imagevision, IPX offers point-of-

service solutions for collecting customer payments in the healthcare and commercial

marketplaces by marketing at least its CareView solution **directly** against Imagevision's

patented HealthPay24® solution."[57]  IPX does not deny its competitive business nature

with Imagevision.  The element of direct competition strongly favors denying IPX's

---

    [53] *Id.* at 16.

    [54] D.I. 25 at 11.

    [55] *Id.* at 13.

    [56] *Mission Abstract Data L.L.C. v. Beasley Broad. Group, Inc.*, C.A. No. 11-176-LPS, 2011 U.S. Dist. LEXIS 130934, at *12 (D. Del. Nov. 14, 2011) (alternation in original) (quoting *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, C.A. No. 10-503-SLR, 2010 U.S. Dist. LEXIS 123493, at *2 (D. Del. Nov. 22, 2010)); s*ee also Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 788 (D. Del. 2011); *Cooper Notifications, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS, 2010 U.S. Dist. LEXIS 131385, at *16 (D. Del. Dec. 13, 2010) ("Courts are reluctant to stay proceedings where parties are direct competitors."); *cf. Textron Innovations Inc. v. Toro Co.*, C.A. No. 05-486-GMS, 2007 U.S. Dist. LEXIS 100102, at *9 (D. Del. Apr. 25, 2007) ("[A] stay does not *unduly* prejudice Textron in that it does not compete with Toro for sales.") (emphasis in original).

    [57] D.I. 21 at 7 (emphasis in original).

Case 1:12-cv-00054-GMS-MPT   Document 36   Filed 09/04/12   Page 10 of 12 PageID #: 504

motion for a stay.

### ii.    Status of the Reexamination Proceedings

Imagevision further argues "because IPX's pending reexamination request has yet to be even accepted by the PTO, the damage to the '925 patent could be drastic, especially if one considers how long it will take for a final decision, which includes all appeals."[58]  Even if granted, "it necessarily follows that such a proceeding would be in its infancy and would have a long way to go."[59]  IPX responds noting "[s]tays have been granted by this Court where, as here, an *inter partes* reexamination request had been filed concurrently with a motion to stay."[60]  Additionally, it contends "the statistics cited by Imagevision indicate that requests for *inter partes* reexamination are granted in 95% of all cases."[61]

A stay would prejudice Imagevision particularly since this litigation would likely be completed far in advance of a decision on the last appeal in the reexamination proceeding.  This analysis assumes the reexamination process will take place, as the PTO has neither granted nor denied defendant's reexamination request at present.  The only affirmative step taken in the reexamination process thus far has been to file a request.  The prejudice to plaintiff resulting from the status of the reexamination proceedings disfavors granting a stay.

### iii.    Timing of the Request for Reexamination and for Stay

Finally, Imagevision takes issue with the timing of the request for reexamination

---

[58] D.I. 21 at 14.
[59] *Id.*
[60] D.I. 25 at 10.
[61] *Id.*

and stay.  It maintains "IPX waited until the eve of discovery to file its reexamination request,"[62] which is particularly egregious since for "the past two and a half years, IPX has on more than one occasion directed Imagevision to prior art that IPX believed invalidates the claims of the '925 patent."[63]  Therefore Imagevision argues "IPX should not be allowed to delay the inevitable judicial resolution of Imagevision's claim against IPX and raise costs by exploiting the 'delays inherent in PTO activity' with no real expectation that the controversy will be resolved."[64]  IPX responds that no tactical advantage is intended by its request for a stay; rather minimizing the financial burden associated with litigation is its concern.[65]  IPX also references multiple cases for the proposition "delay *alone* is not sufficient to warrant denial of a motion to stay."[66]

IPX's argument ignores other factors, such as the nature of the relationship between the parties and the status of the reexamination proceedings, in addition to delay which could cause prejudice to Imagevision if a stay is granted.[67]  The status of the reexamination request before the PTO in relation to the Rule 16 Scheduling

---

[62] D.I. 21 at 20.

[63] *Id.*

[64] *Id.* (quoting *Fresnius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009)).

[65] D.I. 25 at 13.

[66] *Id.* at 12 (emphasis added).

[67] *Cf. Wall Corp. v. Bonddesk Group, LLC*, C.A. No. 07-844-GMS, 2009 U.S. Dist. LEXIS 20619 (D. Del. Feb. 24, 2009).  Defendant relies heavily on *Wall Corp.*, where at the time of the court's decision on the motion to stay, the PTO had already accepted defendant's reexamination request and had issued a first office action rejecting all claims of the patent-in-suit.  Additionally, there was no prejudice argument regarding the business relationship of the parties in that case.  Conversely, here the PTO has not decided to grant defendant's reexamination request, and the parties are undisputedly direct competitors.  In *Wall Corp.*, unlike the instant matter, the defendant could rightfully argue the *only* prejudice claimed by the plaintiff was attributed to any ongoing delay.

Conference makes the timing of the request for a stay, at best, premature.[68]  Weighing all considerations, the interests in proceeding with the litigation outweigh any basis for a stay in this action.

## III.   ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, the court recommends:

(1)   Defendant's motion to stay pending the *inter partes* reexamination (D.I. 14) is DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation.[69]  The objections and response to the objections are limited to ten pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.


Date: September 4, 2012                              /s/ Mary Pat Thynge
                                                    UNITED STATES MAGISTRATE JUDGE

---

[68] The reexamination request was filed just six days, and the motion to stay filed only three days, before the June 21, 2012 Scheduling Conference.  A mere day before the conference, which had been on the docket for a month, IPX notified the court of the reexamination request, and asked for a postponement of the conference.
[69] FED. R. CIV. P. 72(b)(2).