IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMAGEVISION.NET, INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 12-cv-00054-GMS-MPT |
| | : | |
| INTERNET PAYMENT | : | |
| EXCHANGE, INC. | : | |
| | : | |
| Defendant | : | |

**DEFENDANT INTERNET PAYMENT EXCHANGE, INC.'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION RECOMMENDING DENIAL OF
DEFENDANT'S MOTION TO STAY THE PROCEEDINGS**

Internet Payment Exchange, Inc., ("IPX") respectfully objects to Magistrate Judge Thynge's Report and Recommendation ("R&R") recommending denial of IPX's motion to stay the proceedings pending *inter partes* reexamination of the sole asserted patent. (D.I. 36) (Ex. A). Magistrate Thynge's decision is in error. Specifically, Magistrate Thynge erred in sections (I.B) (Legal Standard); II.B (Simplification of Issues Before the Court); and II (C) Prejudice (all sections) of her R&R by: (1) failing to follow the precedent of this Court; and (2) relying on precedent from other Judges in this District that is inconsistent with, or flatly contrary to, this Court's precedent. For these reasons, Magistrate's Thynge's R&R should be set aside pursuant to Fed.R.Civ.P. 72(a), and IPX's motion to stay should be granted.

I. Factual Background

The factual background recited in the R&R is largely correct. However, there are certain additional facts that IPX wishes to draw to the attention of the Court. First, on August 28, 2012, the USPTO issued a "Decision *Sua Sponte* Vacating *Inter Partes* Reexamination Filing Date". The sole ground for this action was the USPTO's view that IPX had inappropriately "lumped" certain proposed rejections together. IPX submitted a corrected *inter partes* reexamination request on September 14, 2012, and a new filing date has been granted. The USPTO will act on the corrected request by no later than

December 14, 2012 (*i.e.*, over 9 months before the scheduled close of discovery in this matter). IPX will provide updates to the Court regarding any action on the reexamination prior to the Court's decision on the pending objections to the R&R.

In addition to the above, IPX wishes to emphasize several facts that are undisputed and that are highly relevant to the pending motion. These are:

- This is a one patent suit in which U.S. Patent No. 7,567,925 ("the '925 patent") is at issue;
- IPX's reexamination request seeks reexamination of all claims of the '925 patent (*i.e.*, if successful, the reexamination will completely dispose of the pending litigation);
- Imagevision did not submit a single Information Disclosure Statement during the prosecution of the patent-in-suit (*i.e.*, the Examiner considered no prior art during the examination of the patent-in-suit other than the meager amount of art the Examiner found on his own).
- The patent-in-suit is a business method patent that was prosecuted during a time when the USPTO examination of these applications was widely criticized as inadequate.
- IPX's reexamination request relies on prior art NOT disclosed by Imagevision.net, Inc., ("Imagevision"), to the USPTO, and never considered by the USPTO during the original prosecution. Thus, the Court will benefit from the USPTO's examination of the prior art in the first instance.
- Both IPX and Imagevision are small companies. Even if they were competitors, their combined annual revenues represent a tiny fraction, perhaps less than 1%, of the market to which Imagevision believes the '925 patent applies. At the same time, the cost of litigation for this case, which may ultimately become moot depending on the outcome of the reexamination, is a major financial strain on both companies.

II. <u>The R&R Erred By Applying An Incorrect Legal Standard</u>.

The R&R correctly recognized that the Court's discretion to stay case is based on the Court's inherent power. Furthermore, that discretion encompasses situations where reexamination has been requested (*i.e.*, not granted at the time of the stay request).[1] The R&R further correctly noted that the Court considers three factors in evaluating a motion to stay: (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and a trial date has been set. *Wall Corp. v. Bonddesk Group, LLC*, 2009 U.S. Dist. Lexis 206119, at *2-*3 (D. Del. Feb. 24, 2009).

The R&R erred, however, by adding the following test to this Court's well-established standard:

> A final decision is made with an eye toward maintaining an even balance between the competing interests of the parties at issue. "In maintaining that even balance, the Court must consider whether 'there is even a fair possibility that the stay would work damage on another party.'".

R&R at page 3. In support of this statement, the R&R cited *Softview LLC v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 104677, at *6-7 (D. Del. July 26, 2012)(Stark, J.), and *Dentsply Int'l, Inc. v. Kerr Mfg Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (Farnan, J.). Neither of these decision are cases from this Court (they are from other Judges in this District), and these decisions are contrary to this Court's precedent.

Specifically, this additional test is not found in *any* of this Court's precedent addressing stay motions. *See, e.g., Wall Corp. v. BondDesk Group, LLC*, 2009 U.S. Dist. LEXIS 20619 (D. Del., February 24, 2009); *Abbott Diabetes Car, Inc. v. Dexcom, Inc.*, 2007 U.S. Dist. LEXIS 73198 (D. Del., September 30, 2007); *Textron Innovations Inc. v. Toro Co.*, 2007 U.S. Dist LEXIS 100102 (D. Del., April 25, 2007); *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, 2006 U.S. Dist. LEXIS 57469 (D. Del., August 16,

---

[1] IPX will update the Court regarding the handling of the reexamination as events happen in the USPTO. IPX notes that this Court has stayed cases where the USPTO had not, as yet, made a determination on whether or not to grant the request. *Pegasus Development Corp. v. Personalized Media Communications, L.L.C.*, 2003 U.S. Dist. LEXIS 8052 (May 14, 2003)(staying case in a two patent suit where reexamination was granted for one of the two patents and the parties were awaiting decision on the request directed to the other patent).

2006); *Alloc, Inc. v. Unilin Decor N.V.*, 2003 U.S. Dist. Lexis 11917 (D. Del., July 11, 2003); *Pegasus Development Corp. v. Personalized Media Communications, L.L.C.*, 2003 U.S. Dist. LEXIS 8052 (D. Del., May 14, 2003); *Gioello Enterprises Ltd., v. Mattel, Inc.*, 2001 U.S. Dist. LEXIS 26158 (D. Del., January 29, 2001). That precedent requires that the Court determine whether a stay would *unduly* prejudice or present a *clear* tactical disadvantage to the non-moving party. Imagevision will not be unduly prejudiced by a stay nor will it suffer a clear tactical disadvantage.[2] Under the test employed in the R&R, however, a stay can be denied when the balance between the parties' interests would be uneven as well as when there exists a "fair possibility" of damage. This is far too pro-patentee since a patent owner can always argue these facts are present were a stay to be granted. Simply put, it is not the law of this Court and it constitutes error in the R&R. The R&R should be set aside for this reason alone.

III. The R&R Erred In Its Treatment Of Issue Simplification From the Reexamination

The R&R also erred in Section II B in connection with its treatment of issue simplification resulting from the reexamination. According to the R&R:

> Although defendant is correct that a stay could simplify the issues before the court, a proper analysis does not focus solely on what the PTO may simplify, but also considers the issues that the PTO cannot address. Plaintiff is correct that defendant's "vague assertion of 'simplification of issues' can be argued in every case, yet courts do not uniformly grant stays as a matter of course when a reexamination is filed with the PTO. By considering the totality of circumstances, the court ensures steps are taken to maintain an even balance between the competing interests of the parties at issue. Should the PTO grant defendant's reexamination request, many issues outside the purview of the reexamination would remain to be tried. Therefore, because the scope of issues to be resolved during litigation substantially exceeds the scope of issues that can be resolved during the reexamination proceedings, this factor disfavors a stay.

R&R at pages 7 - 8. This statement constitutes legal error.

In support of this analysis, the R&R cites the *Softview, LLC, v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 104677, at *9 (D. Del., July 26, 2012), and *Belden Techs. Inc. v. Superior Essex Communs. LP*, 2010 U.S. Dist. LEXIS 90960, at *7 (D. Del. Sept. 2, 2010), decisions. These are both decisions from

---

[2] The Court is directed to the parties briefing in connection with the motion. Pursuant to the Standing Order dated November 16, 2009, IPX will submit courtesy copies of the underlying briefing within 5 days of filing the instant objections.

other Judges in this District and not from this Court. Moreover, the reasoning of these decisions is contradictory to the decisions of this Court and should be rejected.

This Court has repeatedly recognized the benefits of reexamination in terms of simplifying issues in patent litigation. *See, e.g., Textron Innovations Inc. v. Toro Co.*, 2007 U.S. Dist. LEXIS 100102, at *3 (D. Del. Apr. 25, 2007) (Granting motion to stay and noting that "[w]hile reexamination may not resolve every single issue involved in the litigation, the issues in this case are narrow enough that reexamination could potentially make a significant difference in what needs to be tried."). Indeed, the simplification factors set forth by this Court in *Textron* apply with equal force to the instant litigation, including that:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if the patent(s) are declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Textron*, 2007 U.S. Dist. LEXIS 100102, at *2-3. Indeed, the Court has found "particular merit in permitting an additional layer of review by the PTO before expending further judicial resources." *Pegasus*, 2003 U.S. Dist. LEXIS 8052, at *6. This concern is especially relevant here because Imagevision submitted no prior art during the original prosecution and IPX's request relies on new art (*i.e.*, prior art not considered during the original prosecution). Furthermore, the patent-in-suit is a business method patent that was prosecuted at a time when the USPTO's examination practices for business method applications were widely criticized as inadequate.[3]

Magistrate Thynge's error regarding the simplification of issues is an additional basis to set aside the R&R.

---

[3] The USPTO's practices were so widely criticized in connection with business method patents that Congress included a special review procedure for them in the America Invents Act. *See* America Invents Act, § 18.

5

IV. The R&R Erred In Its Analysis of Prejudice

Finally, Magistrate Thynge erred in evaluating the prejudice factor in the Court's stay analysis. First, she erroneously held that the alleged status of the parties as competitors greatly weighed against a stay. Second, she considered the fact that the reexamination procedure was not very far along militated against a stay because of the alleged delays in the reexamination process.[4] Both lines of reasoning are erroneous.

With regard to the parties' status as alleged competitors, the R&R heavily relied on this factor as a basis to deny the stay request. R&R at pp. 8 - 10. In reaching this conclusion, the R&R again cited precedent from other Judges in this District for support. *See Mission Abstract Data L.L.C., v. Beasley Broad Group, Inc.*, U.S. Dist Lexis 130934, at *12 (D. Del. Nov. 14, 2011); *Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 799 (D. Del. 2010); *Cooper Notifications, Inc. v. Twitter, Inc.*, 2010 U.S. Dist. LEXIS 131385, at * 16 (D. Del. Dec. 13, 2010). This was error.

This Court has never recognized the parties' status as competitors in the stay analysis. Moreover, this Court has stayed litigation regardless of the parties' competitive status. *See Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2007 U.S. Dist. LEXIS 73198, 14-15 (D. Del. Sept. 30, 2007) (staying litigation between competitors); *see also Textron Innovations Inc. v. Toro Co.*, 2007 U.S. Dist. LEXIS 100102 (D. Del. Apr. 25, 2007). The mere fact that the parties are alleged competitors does not alter the three part analysis set forth in this Court's precedent, and that analysis mandates staying this case.

The R&R further erred by relying on the status of the reexamination proceeding (*i.e.,* it is in the request stage) and the status of the litigation (*i.e.,* it is in the early discovery stage) as another basis to deny the stay - especially given the alleged delay in the reexamination proceeding. This too was error. *Pegasus Development Corp. v. Personalized Media Communications, L.L.C.*, 2003 U.S. Dist. LEXIS

---

[4] The R&R section on prejudice runs from pages 8 - 12. Although it contains 3 sections, section 3 does not add a separate analysis from sections 1 and 2. As a result, IPX only discusses the errors in sections 1 and 2 here. However, to the extent the Court deems section 3 to contain a separate analysis, IPX submits that section of the R&R is also in error for the reasons set forth in the text.

8052 (May 14, 2003)(staying case in a two patent suit where reexamination was granted for one of the two patents and the parties were awaiting decision on the request directed to the other patent).

This Court has specifically held that any alleged delay in the reexamination process cannot form the basis for a prejudice claim. *See Wall Corp.*, 2009 U.S. Dist. LEXIS 20619, at *4-5 ("The court finds that this delay does not, by itself, amount to undue prejudice."). Other Courts agree that delay alone is not sufficient to warrant denial of a motion to stay. *Ameras Onsite, LLC v. Digital Management Solutions, Inc.*, 2010 WL 1268054, at * 3 (S.D. Tex. Mar. 24, 2010) (unpublished opinion) (citing *Ho Keung Tse v. Apple Inc.*, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007) ("Mere delay, without more, though, does not demonstrate undue prejudice."). "Reexamination does not threaten protracted or indefinite delay." *Alza Corp. v. Wyeth*, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006).

The R&R's attempt to distinguish this Court's *Wall Corp.* decision is unavailing. *See* R&R at fn 67. In an effort to bootstrap the assertion that delay would be prejudicial to Imagevision, the R&R relies on the parties' status as alleged competitors in connection with the delay to bolster its analysis of prejudice. However, as pointed out above, this Court has never relied upon the competitive status of the parties as a basis to deny a stay and any alleged delay in the reexamination procedure does not constitute legally cognizable prejudice. As a result, the R&R is in error in its analysis and should be set aside.

V. Conclusion

For the reasons set forth, IPX respectfully requests that this Court set aside the R&R and grant IPX's motion to stay the litigation.

Dated: September 18, 2012

Respectfully submitted,

By: /s/ Gerard M. O'Rourke
Gerard M. O'Rourke, Esq. (DE No. 3265)
O'Rourke Law Office, LLC
1201 N. Orange Street,
Suite 7260
Wilmington, DE 19801
(484) 770- 8046
gorourke@orourkefirm.com