**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IMAGEVISION.NET, INC., Plaintiff, | : | C. A. No. 12-054-GMS-MPT |
| v. | : | |
| INTERNET PAYMENT EXCHANGE, INC., Defendant. | : | |

**REPORT AND RECOMMENDATION**

# I. INTRODUCTION

## A. Procedural Background

On January 18, 2012, ImageVision.Net, Inc. ("plaintiff") filed suit against Internet Payment Exchange, Inc. ("defendant") for infringement of U.S. Patent No. 7,567,925 ("the '925 patent").[1] Defendant answered the complaint on March 19, 2012, denying infringement of the '925 patent and asserting various affirmative defenses, including invalidity, laches, and estoppel.[2] By court order issued on May 16, 2012, a Rule 16 Scheduling Conference was set for June 21, 2012.[3]

Defendant filed an *inter partes* reexamination request with the United States Patent and Trade Office ("PTO") on June 15, 2012,[4] seeking reexamination of all claims

---

[1] D.I. 1.
[2] D.I. 9.
[3] D.I. 12.
[4] *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.* ("*Report & Recommendation*"), C.A. No. 12-054-GMS-MPT, 2012 WL 3866677 (D. Del. Sept. 4, 2012) *report and recommendation adopted in part, rejected in part*, Civil Action No. 12-

of the '925 patent.[5] Shortly after filing this request with the PTO, on June 18, 2012, defendant filed a motion and opening brief to stay the present action pending the *inter partes* reexamination.[6] Plaintiff opposed on July 10, 2012, and on July 20, 2012, defendant filed its reply brief.[7] By letter dated June 20, 2012, defendant informed the court of its reexamination request, and asked to postpone the Rule 16 Scheduling Conference set for the following day until after the PTO decided to grant or deny its request.[8] As initially ordered, the Scheduling Conference occurred on June 21, 2012, and plaintiff served its first discovery requests on defendant on June 26, 2012.[9]

On September 4, 2012, a Report and Recommendation ("R&R") was issued, which denied defendant's motion to stay pending the *inter partes* reexamination.[10] Defendant filed objections to the R&R on September 18, 2012.[11] On November 15, 2012, Judge Gregory Sleet issued an order adopting in part the R&R, and denied defendant's motion to stay litigation.[12] On December 3, 2012, the PTO granted defendant's *inter partes* reexamination request, and rejected all 24 claims of the '925 patent under 35 U.S.C. § 103.[13] On December 20, 2012, defendant filed a renewed motion to stay pending the granted *inter partes* reexamination.[14] This opinion will

---

054-GMS, 2012 WL 5599338, at *1 (D. Del. Nov. 15, 2012).

[5] *Id.*

[6] D.I. 14.

[7] D.I. 21; D.I. 25.

[8] D.I. 16.

[9] D.I. 18.

[10] *Report & Recommendation*, 2012 WL 3866677.

[11] D.I. 38.

[12] *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, Civil Action No. 12-054-GMS, 2012 WL 5599338 (D. Del. Nov. 15, 2012).

[13] D.I. 51 at 6.

[14] D.I. 50.

address whether defendant is entitled to a stay of litigation pending the *inter partes* reexamination by the PTO.

**B. Legal Standard**

The court's "inherent power to conserve judicial resources by controlling its own docket" includes the discretion to stay litigation,[15] which has been found to extend to patent cases where a reexamination by the PTO has been requested.[16] "In determining whether a stay is appropriate, the court's discretion is guided by the following factors: '(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.'"[17] A final decision is made with an eye toward maintaining an even balance between the competing interests at issue of the parties.[18] "In maintaining that even balance, the Court must consider whether there is 'a fair possibility that the stay would work damage on another party.'"[19] This case was filed after the America Invent's Act ("AIA") was

---

[15] *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).

[16] *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

[17] *Wall Corp. v. Bonddesk Group, LLC*, C.A. No. 07-844-GMS, 2009 U.S. Dist. LEXIS 20619, at *2-3 (D. Del. Feb. 24, 2009) (quoting *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

[18] *See SoftView LLC v. Apple, Inc.*, C.A. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6-7 (D. Del. July 26, 2012) ("In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance.") (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

[19] *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (quoting *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)).

enacted, which modified the standard for granting *inter partes* reexaminations.[20] The prior standard required the Director to find a "substantial new question of patentability affecting any claim" for *inter partes* reexamination to be granted.[21] Now, under the new standard, the Director may not authorize an *inter partes* review unless he or she determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."[22]

### C. Positions of the Parties

Defendant argues the motion to stay should be granted because its *inter partes* reexamination request was granted under the elevated standard of the AIA, which requires a party to be *reasonably likely* to prevail on at least one challenged claim, emphasizing that the PTO rejected all 24 claims of plaintiff's '925 patent.[23] Defendant cites to dicta in *Cellectis S.A. v. Precision Biosciences*,[24] which would seem to establish a mandatory stay under the AIA when a party's petition for *inter partes* reexamination is granted.[25] Defendant also contends the current matter is still in the infancy stage, and thus, a stay in the litigation pending reexamination would not unfairly prejudice either party, especially since all of the '925 patent's claims were initially rejected on review for reexamination.[26] Finally, defendant claims reexamination will simplify the issues in the case, and plaintiff will not be harmed by delay, noting that plaintiff never moved for

---

[20] 35 U.S.C. § 314(a) (2012).
[21] 35 U.S.C. § 312(a) (2011) *amended by* 35 U.S.C. § 314(a) (2012).
[22] § 314(a).
[23] D.I. 57 at 8.
[24] Civ. No. 11-173-SLR, 2012 U.S. Dist. LEXIS 109969 (D. Del. Aug. 7, 2012).
[25] D.I. 51 at 7.
[26] *Id.* at 8.

preliminary injunction in this matter.[27]

First, plaintiff argues defendant's "renewed motion" is actually a motion for reconsideration, and defendant fails to meet the elements for reconsideration.[28] Next, plaintiff asserts, while the standard for granting *inter partes* reexamination has changed, the AIA does not mandate a stay when an *inter partes* reexamination is granted.[29] Plaintiff points out the provision of the AIA cited by the court in *Cellectis* does not require a stay, and the quoted language from the statute, is from an earlier draft, and not the current state of the law.[30] Plaintiff further argues it would be substantially harmed by a stay in litigation because defendant is a direct competitor in the marketplace, who would continue to improperly utilize plaintiff's patented technology until the reexamination process ends.[31] Finally, plaintiff maintains the court is the best forum to resolve the issues between the parties, because there are issues that will not be addressed through reexamination.[32]

## II. ANALYSIS

The court will first address plaintiff's claim that defendant's motion is actually one for reconsideration. Defendant argues that its present motion is a renewed motion

---

[27] *Id.* at 9.

[28] D.I. 54 at 4. Those factors are: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest unjustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reargument or reconsideration are not vehicles "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 11239, 1240 (D. Del. 1990).

[29] *Id.* at 5.

[30] *Id.*

[31] *Id.* at 12.

[32] *Id.* at 10.

predicated on "new facts and newly applicable law."[33] While defendant's initial motion to stay was filed after the enactment of the AIA, analysis by the court regarding the elevated standard for *inter partes* reexamination did not occur because defendant's request was under consideration by the PTO.[34] Now, defendant's *inter partes* reexamination has been allowed under the elevated standard, introducing new evidence and a determination by the PTO. The court's original denial of the stay relied, in part, on the fact that the reexamination request had not been granted. [35] Therefore, even applying the standard for reconsideration, defendant's motion qualifies because there is new evidence that was not previously available.[36]

Defendant's present motion relies on the interpretation and application of *inter partes* reexaminations under the AIA.[37] While defendant cites the *Cellectis* case as the court's approach to *inter partes* reexamination under the AIA, the quoted statutory text in this decision was removed from the final version of the statute.[38] Therefore, defendant's reliance on the *Cellectis* decision is misguided for two reasons: the quoted language was dicta in a case that determined a stay was not warranted in an *ex parte* reexamination; and that language was deleted from the relevant sections of the AIA.[39] It follows that there is no mandatory stay required under the AIA for grants of *inter partes*

---

[33] D.I. 57 at 2.
[34] *Id.*
[35] *Report & Recommendation*, 2012 WL 3866677, at *12.
[36] *Boyd v. Morris*, CIV. A. 07-578-JJF, 2008 WL 4937622, at *1 (D. Del. Nov. 18, 2008).
[37] D.I. 51 at 7.
[38] *Cellectis*, 2012 U.S. Dist. LEXIS 109969, at *14 (quoting 35 U.S.C. § 318)*; see also* 35 U.S.C. § 318.
[39] *See Cellectis*, 2012 U.S. Dist. LEXIS 109969, at *14 (quoting 35 U.S.C. § 318)*; see also* 35 U.S.C. § 318.

reexaminations, and the traditional three-part test to determine whether a stay is appropriate still applies.

Nevertheless, the present analysis must address new events that have occurred since the original denial of defendant's motion to stay, specifically the grant of the *inter partes* reexamination,[40] and the effect of the new AIA standard on the application of the factors regarding a stay.[41] The court, however, has discretion when deciding whether to stay a patent infringement case while an *inter partes* reexamination is pending on a patent in suit.[42] As noted herein, this discretion is guided by three factors,[43] which continue as part of the balancing process to determine if a stay is warranted.

### A. Status of Litigation

The status of the litigation has progressed since defendant's initial motion to stay. Contrary to defendant's representations regarding discovery, plaintiff has produced almost 38,000 pages of confidential documents in response to defendant's first set of document requests.[44] Plaintiff points out discovery began in June 2012, written discovery and documents have been exchanged, significant discovery issues were addressed by the court during a discovery dispute conference in November 2012, the *Markman* process begins in May, with a claim construction hearing scheduled in June 2013, fact discovery closes in July, and expert discovery ends in November 2013, which is immediately followed by case dispositive motion practice.[45] As noted by plaintiff in its

---

[40] D.I. 51 at 3.
[41] 35 U.S.C. § 314(a).
[42] *See Ethicon*, 849 F.2d at 1426-27.
[43] *Wall Corp.*, 2009 U.S. Dist. LEXIS 20619, at *2-3.
[44] D.I. 59.
[45] D.I. 54 at 11.

original opposition brief, "merely claiming that the stage of the case is early is not sufficient grounds to support a stay."[46]

Defendant claims both the litigation and discovery are at a nascent stage, arguing that discovery is far from complete.[47] Defendant counters that plaintiff's arguments ignore "the relevant inquiry [ ] whether discovery is *complete* and a trial date *set*."[48] Contrary to plaintiff's position, defendant contends the preliminary stage of litigation favors a stay, especially in the absence of a confirmed trial date.[49]

Although no trial date has been set, discovery is ongoing, a scheduling order has been issued, with cut off dates for discovery, including expert discovery, and the *Markman* process and letter briefs on case dispositive motions loom in the near future (within six to eleven months from the filing of defendant's renewed motion). As the court noted in *SoftView LLC v. Apple Inc.*,[50] "[s]ubstantial time and resources have been devoted in this case to scheduling and the resolution of discovery disputes," and thus "the economies that might otherwise flow from granting a stay early in a case are somewhat offset by the substantial resources already incurred by both the parties and the Court."[51] Unlike *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,[52] where no discovery had been conducted and no scheduling order issued, the parties here are well into

---

[46] D.I. 21 at 15; *see also* D.I. 54 at 11 ("[Defendant's] assertions that this case is in the early stages is incorrect.").

[47] D.I. 57 at 8.

[48] *Id.*

[49] *Id.*

[50] C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) (denying defendant's motion to stay).

[51] *Id.* at *4.

[52] C.A. No. 10-503-SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010) (finding that early stage of litigation weighed in favor of stay).

discovery, and significant deadlines are scheduled in the coming months.[53] While plaintiff relies on *Belden Techs. Inc. v. Superior Essex Commc'ns LP*,[54] the court there denied a stay request because discovery in the action was complete and the trial date had been scheduled.[55] Here, the stage of litigation is between that in *Belden* and *Vehicle IP*; the parties have initiated significant discovery, with claim construction briefing and *Markman* proceedings dates set, but no trial date is scheduled.[56]

Additionally, "the early stage of the litigation must be balanced against the stage of the reexamination proceedings."[57] The court in *SoftView* found the *inter partes* reexamination proceedings, which commenced a year after litigation began, were at an early stage and would likely take several years to reach final resolution.[58] The current action is in a similar stage, with ongoing discovery and milestones in the schedule to occur within the next six months; thus, the relative status of litigation and the reexamination proceedings do not favor a stay.

**B. Simplification**

Regarding defendant's first motion to stay, the court found that even if reexamination were granted, "there are *many issues* present in this case that the PTO simply cannot and will not address, thus they will have to be litigated in this Court."[59]

---

[53] *Id.* at *1.

[54] C.A. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) (holding that untimely motion weighed against granting stay).

[55] *Id.* at *2.

[56] D.I. 54 at 11.

[57] *SoftView*, 2012 WL 3061027, at *4.

[58] *Id.*

[59] *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.* (*Report & Recommendation*), C.A. No. 12-054-GMS-MPT, 2012 WL 3866677, at *3 (D. Del. Sept. 4, 2012) *report and recommendation adopted in part, rejected in part*, C.A. No. 12-054-

Among those issues are: (1) infringement and damages; (2) defenses under 35 U.S.C. §§ 101 and 112; and (3) equitable defenses, such as laches and estoppel.[60] Plaintiff argues "this Court is the best forum to resolve the issues among the parties because it is more efficient than the PTO."[61] In its original decision, this court found that issue simplification "disfavored" a stay, but upon review, the district court found simplification weighed slightly in favor of a stay.[62] Since *inter partes* reexamination has been granted, and the claims of the patent have been preliminarily rejected, simplification weighs more strongly in favor of a stay. Moreover, reexamination was granted under the new heightened standard of the AIA, which means defendant is reasonably likely to prevail on invalidity. Regardless of this determination by the PTO, a number of issues remain that can only be addressed by the court.

The court in *Belden* held "a stay is more appropriate when the only issues left for trial completely overlap with those typically resolved upon reexamination."[63] Moreover, when infringement, validity under § 112, or other issues outside the purview of reexamination remain to be tried, then a stay is not favored.[64] The Belden court found the scope of issues to be resolved during litigation exceeded the scope of issues to be decided during reexamination, which weighed against granting a stay.[65]

---

GMS, 2012 WL 5599338 (D. Del. Nov. 15, 2012).

[60] *Id.*

[61] D.I. 54 at 10.

[62] *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, C.A. No. 12-054-GMS, 2012 WL 5599338, at *4 (D. Del. Nov. 15, 2012).

[63] *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2012 WL 3522327, at *2 (D. Del. Sept. 2, 2010).

[64] *Id.*

[65] *Id.*

Reexamination, however, would serve to simplify certain issues regarding validity. Further, because of the new standard, and since all claims of the ‘925 patent are found invalid on anticipation and obviousness, it may be more likely amendments to the claims of the patent will occur as a result of reexamination, which will directly effect disputes that hinge on claim construction, including infringement and any resulting damages. The PTO has preliminarily rejected all claims of the ‘925 patent under the heightened reexamination standard, increasing the likelihood that issue simplification will occur, which weighs in favor of a stay.

**C. Prejudice**

The final, most substantial and important issue is prejudice. Whether a plaintiff would suffer undue prejudice, and whether a defendant would gain an unfair tactical advantage if a stay is granted, is determined by examining four factors: (1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties.[66] With respect to prejudice, the court must look to the competing interests of the parties, and determine if there is a “fair possibility” that a stay would be detrimental to the opposing party.[67] “If there is even a ‘fair possibility’ that a stay would prove detrimental to one of the parties, then the party requesting the stay must demonstrate that the denial of a stay would result in a ‘clear case of hardship or inequity’”[68] Here, defendant has not readily shown

---

[66] *Ever Win Int'l Corp. v. Radioshack Corp.*, C. A. No. 11-1104-GMS-CJB, 2012 WL 4801890, at *5 (D. Del. Oct. 9, 2012).

[67] D.I. 45 at 5.

[68] *Bagwell v. Brewington-Carr*, C.A. No. 97-321-GMS, 2000 WL 1728148, at *20 (D. Del. Apr. 27, 2000) (quoting *Dentsply Int’l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656 (D. Del. 1990)).

that it would suffer hardship or inequity if a stay were denied, and plaintiff has clearly established a fair possibility of harm if a stay were granted.[69]

### 1. Timing of Request for Reexamination and Request for Stay

Defendant filed its request for *inter partes* reexamination of the '925 patent with the PTO on June 15, 2012, almost five months after plaintiff initiated this action.[70] Defendant's original motion to stay on June 18, 2012 came three months after it answered the complaint,[71] only three days after filing for reexamination, but a month after the order for a Rule 16 scheduling conference.[72] The court in *Belden* stated "[a] request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage."[73] However, the court in *Ever Win* noted "the less time that a party waits to file a motion to stay pending reexamination, the less that the movant's conduct gives rise to an inference that the delay in so doing was impermissibly tactical."[74] Here, defendant was advised of its alleged infringement by plaintiff in 2009, and waited until 2012 to file a reexamination request.[75] Plaintiff argues a stay would provide defendant an "unfair tactical advantage" because defendant waited until the eve of discovery to file its reexamination request, attempting to exploit the "delays inherent

[69] *See generally* D.I. 54.
[70] D.I. 58.
[71] D.I. 14.
[72] D.I. 54 at 17.
[73] *Belden Technologies Inc. v. Superior Essex Communications LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).
[74] *Ever Win*, 2012 WL 4801890, at *5.
[75] D.I. 54 at 17.

in PTO activity."[76] Despite the timing of the reexamination and stay requests, they do not indicate an attempt to gain a tactical advantage, particularly in light of the average time of approximately four to six months for a scheduling order to be issued in patent matters.

### 2. Status of the Reexamination Proceedings

The primary difference between defendant's first motion to stay and its present motion, is the PTO granted *inter partes* reexamination on December 3, 2012, rejecting all 24 claims of the '925 patent under 35 U.S.C. § 103.[77] Plaintiff argues the reexamination proceeding is in its infancy, and likely will remain in the reexamination process anywhere from six to eight years before conclusion.[78] Plaintiff further contends a stay would significantly hinder its pursuit of legal and equitable remedies, including injunctive relief, against a competitor for an indefinite period of time.[79] Plaintiff also maintains the lengthy reexamination process would likely result in "stale evidence, faded memories, and lost documents."[80]

---

[76] *Id.*

[77] D.I. 51 at 3.

[78] D.I. 54 at 10 ( citing *Life Techs. Corp. v. Illumina, Inc.*, 2010 WL 2348737, at *2 (D. Del. June 7, 2010); *see Belden Techs.*, 2010 WL 3522327, at *3 (denying a stay request, in part, because the *inter parties* reexamination was not "substantially complete," and further noting the PTO in 2009 "averaged 840 days between the filing of a request for reexamination and issuance of a [Right of Appeal Notice]," 649 days from the issuance of the Right of Appeal Notice and docketing of the appeal, with an "additional 234 days" from the "docketing and rendering of a BPAI decision"); *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, *Inc.,* C.A. No.; 08-309-JJF-LPS, 2008 WL 5335400, at *2 (D. Del. Dec. 19, 2008) (concluding unpredictability [of a final determination of *inter parties* reexamination] is sufficient reason for denying request for stay).

[79] D.I. 54 at 13.

[80] *Id.* at 16 (quoting *Cooper Notification, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS, 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010)).

Defendant argues since its reexamination request was granted after enactment of the increased standard,[81] there is a significant possibility that the entire patent will be found invalid.[82] Defendant notes the PTO is statutorily mandated to handle *inter partes* reexamination proceedings "expeditiously" and with "special dispatch."[83] In light of the recent passage of the AIA, it is unclear how such requirements will affect the time frame of the reexamination process. "According to statistics published by the PTO, an *inter partes* reexamination conducted by the CRU has a historical average pendency of 31.4 months," slightly under 3 years.[84] As the request for reexamination was only granted in December 2012, the reexamination process is in the early stage, and therefore, the status of the reexamination process does not favor a stay.

**3. Relationship Between the Parties**

In order to determine whether granting a stay will prejudice plaintiff, an important factor is whether the parties are direct competitors. It is well established that "[c]ourts are generally reluctant to stay proceedings where the parties are direct competitors."[85]

In its previous decision, this court found "[a]s a competitor of Imagevision, IPX

---

[81] D.I. 51 at 1.

[82] *Id.* at 3.

[83] D.I. 57 at 7; *see also* 35 U.S.C. § 314(c).

[84] *Belden*, 2010 WL 3522327, at *3.

[85] *Mission Abstract Data L.L.C. v. Beasley Broad. Group, Inc.*, C.A. No. 11-176-LPS, 2011 U.S. Dist. LEXIS 130934, at *12 (D. Del. Nov. 14, 2011) (alteration in original) (quoting *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, C.A. No. 10-503-SLR, 2010 U.S. Dist. LEXIS 123493, at *2 (D. Del. Nov. 22, 2010)); *see also Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 788 (D. Del. 2011); *Cooper Notifications, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS, 2010 U.S. Dist. LEXIS 131385, at *16 (D. Del. Dec. 13, 2010) ("Courts are reluctant to stay proceedings where parties are direct competitors."); *cf. Textron Innovations Inc. v. Toro Co.*, C.A. No. 05-486-GMS, 2007 U.S. Dist. LEXIS 100102, at *9 (D. Del. Apr. 25, 2007) ("[A] stay does not *unduly* prejudice Textron in that it does not compete with Toro for sales.").

offers point-of-service solutions for collecting customer payments in the healthcare and commercial marketplaces by marketing at least its CareView solution ***directly*** against Imagevision's patented HealthPay24® solution,"[86] and determined plaintiff would be highly prejudiced by a stay in litigation.[87] Upon review, the district court upheld the treatment of the parties as direct competitors as neither "clearly erroneous [nor] contrary to law."[88] Plaintiff represents a "loss of the early years of a patent term may effectively render the '925 patent worthless as technology moves forward,"[89] and in light of the unpredictable time required to complete the reexamination process while defendant's alleged infringement continues, it faces the risk of "losing market share, sales, and good will of its patented technology"[90]

Defendant's argument that the parties are not direct competitors ignores that this issue has already been resolved by the court.[91] Defendant also posits that because plaintiff failed to move for preliminary injunction, it has "undercut any competitive harm caused by the stay," citing *Ever Win.*[92] That case, however, found the parties operated in different markets, and were not direct competitors.[93] Defendant further relies on *Cellectis* to refute plaintiff's prejudice argument, but, as previously noted, this case dealt with an *ex parte* reexamination, and referenced an earlier, unadopted version of the

---

[86] *Report & Recommendation*, 2012 WL 3866677, at *4.

[87] *Id.*

[88] *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, Civil Action No. 12-054-GMS, 2012 WL 5599338, at *4 (D. Del. Nov. 15, 2012).

[89] D.I. 54 at 15.

[90] *Id.*

[91] D.I. 51 at 10.

[92] D.I. 57 at 9.

[93] *Ever Win*, 2012 WL 4801890, at *7.

AIA.[94] Finally, defendant contends it will suffer financial hardship through unnecessary litigation if a stay is denied,[95] but fails to cite any legal basis that litigation alone constitutes hardship or inequity. As a result, the factor of the competitive relationship between the parties weighs heavily against granting a stay.

## III. CONCLUSION

Applying the required balancing test, plaintiff has shown granting a stay would cause it undue prejudice, by demonstrating a fair possibility that it would suffer a significant detriment. Despite the grant of its reexamination request and the heightened standard under the AIA, defendant has not shown how denial of a stay would cause it substantial hardship or inequity, and has not refuted plaintiff's evidence of undue prejudice by a stay. As the parties are direct competitors, and a stay would subject plaintiff to delay for an unknown period of time, defendant's motion for a stay is denied.

## IV. ORDER & RECOMMENDED DISPOSITION

For the reasons contained herein, the court recommends:

(1) Defendant's motion to stay pending the *inter partes* reexamination (D.I. 50) is DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation. The objections and response to the objections are limited to ten pages each.

---

[94] *Cellectis*, 2012 U.S. Dist. LEXIS 109969, at *14.

[95] D.I. 51 at 11.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

February 25, 2013

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE