IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMAGEVISION.NET, INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 12-cv-00054-GMS-MPT |
| | : | |
| INTERNET PAYMENT EXCHANGE, INC. | : | |
| | : | |
| Defendant | : | |

**DEFENDANT INTERNET PAYMENT EXCHANGE, INC.'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION RECOMMENDING DENIAL OF
DEFENDANT'S MOTION TO STAY THE PROCEEDINGS**

Internet Payment Exchange, Inc., ("IPX") respectfully objects to Magistrate Judge Thynge's Report and Recommendation ("R&R") recommending denial of IPX's renewed motion to stay the proceedings pending the granted *inter partes* reexamination for all claims of the sole asserted patent. (D.I. 62) (Ex. A). Magistrate Thynge's decision is in error. Specifically, Magistrate Thynge erred in sections (II)(Analysis); (IIA)(Status of Litigation); II.B (Simplification); and II (C) Prejudice (all sections) of her R&R by: (1) failing to follow this Court's precedent in *Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526, (D. Del. 2012), which held that a granted *inter partes* reexamination under the America Invents Act ("AIA") mandates a stay of litigation unless the Court finds that a stay would not serve the interests of justice; and (2) to the extent the traditional three factor test for granting a stay applies, by improperly analyzing the law and weighing the factors in the analysis to conclude that IPX's motion should be denied.

For these reasons, Magistrate's Thynge's R&R should be set aside pursuant to Fed.R.Civ.P. 72(a), and IPX's motion to stay should be granted.

1

I.  Factual Background

The factual background recited in the R&R is largely correct. It correctly notes that the USPTO granted IPX's *inter partes* reexamination request as to *all* claims of the sole asserted patent. However, the R&R does not correctly set forth exactly what the Examiner found with regard to each claim. R&R at p.4. Specifically, the Examiner found that IPX had demonstrated a "reasonable likelihood to prevail" with respect to *every* claim of the '925 patent.[1] As a result, the USPTO has adjudicated that Imagevision.Net, Inc. ("Imagevision") is likely to lose on *every* claim of the '925 patent.

The reexamination is also nearing completion at the Examiner level. Imagevision filed an Amendment and Response to the Official Action on February 4, 2013. (Ex. B). IPX filed its Comments on March 5, 2013. *Id.* The Official Action rejecting the claims makes explicit that the next Official Action will be an Action Closing Prosecution ("ACP"). See D.I. 51, Ex. B at page 15. Once the ACP is issued, the parties will each have a chance to respond and then the Examiner will issue a Right To Appeal Notice. See Ex. C. The case is docketed and ready for Examiner Action, and the Examiner should issue another Official Action in April. *See* Manual of Patent Examining Procedure 2671. Ex. D. IPX firmly believes that the next action will again reject all claims of the '925 patent.[2]

---

[1] Although the Examiner was only required to find that showing present for 1 claim of the '925 patent in order to grant the request, the Examiner specifically found that IPX had made that showing with respect to *all* claims.

[2] IPX will, of course, update the Court on the next Official Action while the instant appeal is pending.

Discovery is not complete. There has been no claim construction hearing in the case, and no trial date has been set. IPX submits that continuing this litigation is a waste of the Court's and the parties' scarce resources.

## II. Legal Errors In The R&R

IPX respectfully submits that the R&R committed legal error by rejecting Judge Robinson's decision in the *Cellectis* case and, to the extent that the traditional three factor stay test applies after the *Cellectis* case, by improperly analyzing each factor and the weight that should be given to each, given the USPTO's ruling that IPX is likely to win outright on all claims (*i.e.,* the '925 patent will likely be declared invalid in its entirety).

### A. The *Cellectis* Case is Good Law

Judge Robinson's decision in *Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526, (D. Del. 2012), held that a granted *inter partes* reexamination under the AIA mandated a stay of the proceedings unless the interests of justice dictate otherwise. That decision is good law and has been followed by other districts. *Larson Archery Co. v. Mathews, Inc.,* 2013 U.S. Dist. LEXIS 4686, *5 (D. Utah, January 10, 2013). In support of her analysis, Judge Robinson did not, as Imagevision asserts, cite a version of the AIA that was not enacted. Instead, she cited the pre-AIA version of 35 U.S.C. § 318 in support of her analysis. *Id.* at * 14. This section provides:

> Once an order for inter partes reexamination of a patent has been issued under section 313, the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

3

35 U.S.C. § 318. Judge Robinson held that in light of the heightened standard mandated by the AIA for granting *inter partes* reexamination, the Court was mandated to stay the case because of the high likelihood that the claims would change. That holding is quite logical and should be adopted here.

A stay in this matter absolutely serves the interests of justice. The USPTO has already found that all claims of the asserted patent are likely invalid and that IPX is likely to prevail with regard to every claim. This is not a case where the parties are on the eve of a long-scheduled trial having completed all pre-trial activities. This is a case that is still in its infancy. Discovery is many months away from being complete and no trial date has been set. There has been no claim construction hearing, which is particularly important in this case. Furthermore, it is a waste of the parties resources and the Court's scarce judicial resources to allow this case to proceed, especially given the USPTO's finding that the '925 patent is likely invalid in its entirety.

B. The R&R erred in respect to the 3-factor test

Even were the Court to employ the traditional three factor test, the R&R erred in its analysis of the factors and the weight it gave them in the stay analysis. That test states that the Court's discretion is guided by the following factors: (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set. *First Am. Title Ins. Co. v. MacLaran, L.L.C.,* 2012 WL 769601, at *4 (D. Del. March 9, 2012).

### 1. The Status of The Case Weighs In Favor Of A Stay

The R&R erred by relying on the supposed progress of fact discovery to hold that the status of the case weighed against a stay. R&R at 7 - 9. This Court's precedent is quite clear that the relevant inquiry is whether discovery is *complete* and whether a trial date has been set. *See, e.g., Wall Corp. v. BondDesk Group, LLC*, 2009 U.S. Dist. LEXIS 20619 (D. Del., February 24, 2009); *Abbott Diabetes Car, Inc. v. Dexcom, Inc.*, 2007 U.S. Dist. LEXIS 73198 (D. Del., September 30, 2007); *Textron Innovations Inc. v. Toro Co.*, 2007 U.S. Dist LEXIS 100102 (D. Del., April 25, 2007); *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, 2006 U.S. Dist. LEXIS 57469 (D. Del., August 16, 2006); *Alloc, Inc. v. Unilin Decor N.V.*, 2003 U.S. Dist. Lexis 11917 (D. Del., July 11, 2003); *Pegasus Development Corp. v. Personalized Media Communications, L.L.C.*, 2003 U.S. Dist. LEXIS 8052 (D. Del., May 14, 2003); *Gioello Enterprises Ltd., v. Mattel, Inc.,* 2001 U.S. Dist. LEXIS 26158 (D. Del., January 29, 2001).

Discovery is far from complete, there has been no claim construction hearing, and no trial date has been set. As a result, this factor clearly favors IPX. This case has not proceeded past the initial discovery stages (the parties have essentially produced documents and responded to written discovery). This Court has stayed actions that were much further along in the judicial process, when appropriate. *See, e.g., Abbott Diabetes Care, Inc. v. DexCom, Inc*., 2006 U.S. Dist. LEXIS 57469 (D. Del. Aug. 16, 2006)(granting a stay and finding that this factor favored a stay where fact discovery was set to close in five months and trial scheduled to commence in fifteen months); *Pegasus*, 2003 U.S. Dist. LEXIS 8052, at *2, 4, 7 (granting a stay where the case had been pending for two and a half years and summary judgment on invalidity and non-infringement had already been briefed); *Gioello Enters. v. Mattel, Inc*., 2001 U.S. Dist. LEXIS 26158, at *1-4 (D. Del. Jan. 29, 2001) (granting a stay where reexamination was filed 17 months

after action commenced, despite pending infringement and validity motions, and trial was to commence two and a half months from the date of the order). That should be the result here and the R&R erred by concluding otherwise.

### 2. The R&R Gave Insufficient Weight to Issue Simplification

The R&R erred by not giving sufficient weight to issue simplification. R&R at 9 - 11. Issue simplification weighs heavily in favor of the stay given the likelihood that IPX will prevail outright. Even if any claims in the patent survive reexamination, the reexamination will signficantly narrow the issues. This Court has repeatedly recognized the benefits of reexamination in terms of simplifying issues in patent litigation. *See, e.g., Textron Innovations Inc. v. Toro Co.*, 2007 U.S. Dist. LEXIS 100102, at *3 (D. Del. Apr. 25, 2007) (Granting motion to stay and noting that "[w]hile reexamination may not resolve every single issue involved in the litigation, the issues in this case are narrow enough that reexamination could potentially make a significant difference in what needs to be tried."). Indeed, the simplification factors set forth by this Court in *Textron* apply with equal force to the instant litigation, including that:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if the patent(s) are declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Textron,* 2007 U.S. Dist. LEXIS 100102, at *2-3. Indeed, the Court has found "particular merit in permitting an additional layer of review by the PTO before expending further judicial resources." *Pegasus*, 2003 U.S. Dist. LEXIS 8052, at *6.

The fact that there are issues in the litigation that are not addressed in the USPTO should have been given little, if any, weight. If, as is likely, all claims of the '925 patent are invalid, then every other issue in the case will be moot. The R&R gave too little weight to this factor in the stay analysis.

### C. The R&R Erred In Its Analysis of Prejudice

The R&R erred in its analysis of prejudice. R&R 11-16. Specifically, the conclusions that the alleged delay in the reexamination proceeding would prejudice Imagevision and that the parties' status as alleged competitors weighed heavily against a stay. Both conclusions were in error.

#### 1. The Status Of The Reexamination

The reexamination is nearly complete at the Examiner level. Any delay in the proceeding is caused by the time it takes to appeal to the Board of Patent Appeals and Interferences. The R&R erred by not recognizing that this delay will be caused by Imagevision appealing a final rejection. That is, Imagevision (and not IPX) will be the cause of the delay. It is not equitable to allow Imagevision to be the cause of a delay and then claim it is prejudiced by that same delay.

Moreover, this Court has specifically held that delay in the reexamination process cannot form the basis for a prejudice claim. *See Wall Corp.*, 2009 U.S. Dist. LEXIS 20619, at *4-5 ("The court finds that this delay does not, by itself, amount to undue prejudice."). Other Courts agree that delay alone is not sufficient to warrant denial of a motion to stay. *Ameras Onsite, LLC v. Digital Management Solutions, Inc.*, 2010 WL 1268054, at * 3 (S.D. Tex. Mar. 24, 2010) (unpublished opinion) (citing *Ho Keung Tse v. Apple Inc.*, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007) ("Mere delay, without more, though, does not demonstrate undue prejudice.").

"Reexamination does not threaten protracted or indefinite delay." *Alza Corp. v. Wyeth*, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006).

### 2. The R&R Over-Emphasized the Competitive Relationship Between the Parties

The R&R erred by holding that the competitive relationship between the parties strongly weighed against a stay. To evaluate whether parties are truly competitors, the Court is to look at actual market participation, and whether there has been a request for preliminary injunction. *Ever Win Int'l Corp. v. Radioschack Corp.*, 2012 U.S. Dist. LEXIS 145559 at *19 (D. Del., October 9, 2012). With regard to actual market participation, the evidence before Magistrate Thynge was very clear that Imagevision and IPX have limited market overlap. *See* D.I. 54, Ex. C. The companies have fundamentally different business models: Imagevision sells software to its customers, while IPX provides its customers with a hosted service. The parties have only competed at one customer account. Magistrate Thynge erred by not analyzing this factor in more detail.

In addition, Imagevision never requested a preliminary injunction in this case. This "suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends." *Id.* at * 20. The alleged "competitor" factor should now carry much less weight since Imagevision is likely to lose in the USPTO. Imagevision never demonstrated that the Examiner's ruling was in error. As a result, this factor also favors IPX.

### 3. The R&R Inappropriately Discounted the Prejudice to IPX.

Finally, the R&R erred by discounting the prejudice that IPX will suffer if a stay is denied. R&R at p. 16. IPX is a very small company with annual sales of approximately three

million dollars. Braun Dec., par 2. District Court litigation is financially burdensome to the company. See Braun Declaration at par. 3 As a result, IPX will suffer hardship if it is required to continue litigating this case. For example, the cost of defense for this litigation caused IPX to incur a loss rather than a profit for 2012. *Id.* at par. 4.

In addition, forcing IPX to litigate in this forum after the reexamination request has been granted under the heightened standard yields an inequitable result. IPX has demonstrated it is likely to prevail in the USPTO. In contrast, Imagevision has never demonstrated it is likely to prevail in this forum or any other. Imagevision never filed for a preliminary injunction where it would have been required to make such a showing. *AstraZeneca LP v. Apotex, Inc.,* 633 F.3d 1042, 1049-50 (Fed. Cir. 2010).

### III. Conclusion

For the reasons set forth, IPX respectfully requests that this Court set aside the R&R and grant IPX's motion to stay the litigation.

Dated: March 11, 2013                                                  Respectfully submitted,

                                                By: /s/ *Gerard M. O'Rourke*
                                                    Gerard M. O'Rourke, Esq. (DE No. 3265)
                                                    O'Rourke Law Office, LLC
                                                    1201 N. Orange Street,
                                                    Suite 7260
                                                    Wilmington, DE 19801
                                                    (484) 770- 8046
                                                    gorourke@orourkefirm.com