IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

)
IMAGEVISION.NET, INC.,                        )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )      Civil Action No. 12-054-GMS-MPT
                                              )
INTERNET PAYMENT EXCHANGE, INC.,              )
                                              )
            Defendants.                       )
                                              )

## **MEMORANDUM**

### I.    **INTRODUCTION**

On January 18, 2012 ImageVision.Net, Inc. ("Imagevision") brought this action against

Internet Payment Exchange, Inc. ("IPX") for infringement of U.S. Patent No. 7,567,925 ("the

'925 patent"). (D.I. 1.) The court referred the case to Magistrate Judge Thynge to "conduct all

proceedings related to discovery disputes, alternate dispute resolution, and dispositive and

nondispositive motions, excluding claim construction, up to the pretrial conference." (D.I. 11.)

On June 18, 2012, after filing an *inter partes* reexamination request with the Patent and

Trademark Office (the "PTO"), IPX filed a motion in this court to stay the case pending

reexamination. (D.I. 14.) On September 4, 2012 the magistrate judge issued a Report and

Recommendation recommending the denial of IPX's motion to stay. (D.I. 38.) The court

adopted in part this first Report and Recommendation on November 15, 2012 and denied the

motion the stay. (D.I. 45.)

On December 3, 2012, the PTO granted IPX's request for *inter partes* reexamination,

(D.I. 51 at 6), and IPX filed a Renewed Motion to Stay the Proceedings Pending Reexamination,

(D.I. 50). The magistrate judge subsequently issued a second Report and Recommendation (the "R&R") again recommending that IPX's stay request be denied. (D.I. 62.)

Presently before the court are Magistrate Judge Thynge's R&R (D.I. 62) and IPX's Objections to the Report and Recommendation (D.I. 63). For the reasons that follow, the court adopts the R&R and denies IPX's Renewed Motion to Stay the Proceedings Pending Reexamination.

## II.    IPX'S OBJECTIONS

IPX suggests that the magistrate judge erred by applying the traditional three-factor test in determining whether a stay was appropriate and thereby "rejecting Judge Robinson's decision in the *Cellectis*[1] case." (D.I. 63 at 3.) Additionally, IPX argues that, even if the three-factor test remains applicable after *Cellectis*, the R&R "improperly analyz[ed] each factor and the weight that should be given to each, given the USPTO's ruling that IPX is likely to win outright on all claims (*i.e.*, the '925 patent will likely be declared invalid in its entirety )." (*Id.*)

## III.   STANDARD OF REVIEW

A motion to stay is "not dispositive of a party's claim or defense," and the court's review of a magistrate judge's order on such a motion is therefore governed by Rule 72(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(a). Accordingly, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

With regard to the underlying stay request, it is well-settled that a decision to stay a case lies within the sound discretion of the court. *See Cost Bros., Inc. v. Travelers Indent. Co.*, 760

---

[1] *Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526 (D. Del. 2012).

F.2d 58, 60 (3d Cir. 1985); *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012); *Nokia Corp. v. Apple, Inc.*, No. 09-791-GMS, 2011 WL 2160904, at *1 (D. Del. June 1, 2011). This authority applies equally to patent cases in which a reexamination by the PTO has been requested. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." (internal citation omitted)). In determining whether a stay is appropriate, the court looks to the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *First Am. Title Ins. Co.*, 2012 WL 769601, at *4 (quoting *Xerox Corp. v. 3 Comm. Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

## IV. DISCUSSION

### A. Legal Standard

IPX first questions whether the magistrate judge applied the correct legal standard in light of Judge Robinson's decision in *Cellectis*. (D.I. 63 at 3.) According to IPX:

> Judge Robinson's decision in *Cellectis* . . . held that a granted *inter partes* reexamination under the [Leahy-Smith America Invents Act (the "AIA")] mandated a stay of the proceedings unless the interests of justice dictate otherwise. That decision is good law and has been followed by other districts . . . Judge Robinson held that in light of the heightened standard mandated by the AIA for granting *inter partes* reexamination, the Court was mandated to stay the case because of the high likelihood that the claims would change. That holding is quite logical and should be adopted here.

(D.I. 63 at 3–4.) Notwithstanding the *Cellectis* decision, the court believes the magistrate judge

3

was correct in applying the traditional three-factor test.

As an initial matter, it is inaccurate to say that *Cellectis* "held that a granted *inter partes* reexamination under the AIA mandated a stay of the proceedings unless the interests of justice dictate otherwise." The *Cellectis* court did observe that "[i]n passing the America Invents Act, Congress has negated the need for the court's balancing of [the traditional three factors]," and that "[t]he court is now mandated to stay litigation in favor of *inter partes* reexamination 'unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.'" *See Cellectis*, 883 F. Supp. 2d at 532. This statement, however, appeared in the context of contrasting a request for a stay pending *inter partes* reexamination with the treatment of motions to stay pending *ex parte* reexaminations. *See Cellectis*, 883 F. Supp. 2d at 532–33. The latter was the type of motion actually at issue in *Cellectis*. *See id.* As such, the statements regarding the standard applicable to a motion to stay pending *inter partes* reexamination represent only dicta and not the holding of the court. *See Black's Law Dictionary* 1072 (6th ed. 1990) (defining "obiter dictum"); *see also Cohens v. Virginia*, 19 U.S. 264, 399 (1821) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision.").

Moreover, even if the holding of *Cellectis* were as IPX urges, the court rejects any attempt by IPX to suggest that it would be bound by such a holding. The Third Circuit has noted:

> [I]t is clear that there is no such thing as "the law of the district." Even where the facts of a prior district court case are, for all practical purposes, the same as those

> presented to a different district court in the same district, the prior "resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another."

*Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) (quoting *State Farm Mut. Auto. Ins. Co. v. Bates*, 542 F. Supp. 807, 816 (N.D. Ga. 1982)).

    Finally, turning to the substantive issue, the court does not believe the granting of an *inter partes* reexamination under the AIA should displace the three-factor test that has been traditionally employed in assessing a motion to stay. Rather, that test is capable of incorporating any changes resulting from the AIA. To the extent that IPX focuses on the more searching standard applied by the PTO in granting a reexamination request,[2] the court accounts for that heightened standard within its analysis of the "issue simplification" factor. To the extent that IPX relies on the statutory language cited in *Cellectis*, indicating that a stay should be granted unless it "would not serve the interests of justice," the court notes that this language appeared in the old version of 35 U.S.C. § 318[3] and thus was already accounted for in prior decisions of the court applying the three-factor test. The court finds no reason to alter the traditional test employed by judges in this district in considering motions to stay pending *inter partes* reexaminations granted both before[4] and after[5] the AIA's enactment.

---

[2] The AIA now requires that the PTO find "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" before granting a request for *inter partes* reexamination. Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, § 6(a), 125 Stat. 284, 300 (2011).

[3] Section 6(a) of the AIA actually removed this language from § 318. AIA, Pub. L. No. 112-29, § 6(a), 125 Stat. 284, 303–04 (2011).

[4] *See, e.g.*, *Smarter Agent, LLC v. Mobilerealtyapps.com, LLC*, 889 F. Supp. 2d 673, 674 (D. Del. 2012); *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09-571-JJF, 2010 WL 2573925, at *1–3 (D. Del. June 25, 2010).

B.      Application of Three-Factor Test

IPX next argues that, even if the three-factor test survived *Cellectis*, the magistrate judge erred in its application to the facts of this case. The court finds no such error.

1.      Prejudice

The first of the three factors is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *First Am. Title Ins. Co.*, 2012 WL 769601, at *4. The magistrate judge properly recognized that, in assessing this factor, the court considers (1) the timing of the reexamination request, (2) the timing of the stay request, (3) the status of the reexamination proceedings, and (4) the relationship between the parties as well as the related question of whether the plaintiff's injuries may be compensated through future money damages. *See, e.g., Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011). IPX suggests, however, that the R&R's analysis of the "status of the reexamination proceedings" and of "the relationship between the parties" was in error.

a.      Status of the Reexamination

With regard to the "status of the reexamination proceedings" sub-factor, IPX commits the same mistake it previously made in arguing for its first motion to stay, complaining that "this Court has specifically held that delay in the reexamination process cannot form the basis for a prejudice claim." (D.I. 45 at 9; D.I. 63 at 7.) However, the court's past decisions, including the one cited by IPX itself, actually indicate that "delay does not, *by itself*, amount to undue

---

[5] *See, e.g., Walker Digital, LLC v. Google, Inc.*, No. 11-309-SLR, 2013 WL 1489003, at *2 (D. Del. Apr. 11, 2013); *Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 12-662-GMS, 2013 WL 424754, at *1 (D. Del. Jan. 31, 2013); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *2 (D. Del. Jan. 11, 2013).

prejudice."[6] *Wall Corp. v. Bonddesk Grp., LLC*, No. 07-844-GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009) (emphasis added); *see also Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 12-662-GMS, 2013 WL 424754, at *1 (D. Del. Jan. 31, 2013); *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12-054-GMS, 2012 WL 5599338, at *5 (D. Del. Nov 15, 2012). Here, the magistrate judge based her finding of undue prejudice not only on the potential for delay but also on the parties' competitive relationship. (D.I. 62 at 13–16.)

IPX further notes that because "[t]he reexamination is nearly complete at the Examiner level . . . [a]ny delay in the proceeding is caused by the time it takes to appeal to the Board of Patent Appeals and Interferences." (D.I. 63 at 7.) As such, IPX contends that "[t]he R&R erred by not recognizing that this delay will be caused by Imagevision appealing a final rejection." (*Id.*) The court does not credit this argument—IPX offers no authority in support of this theory, and it strikes the court as unreasonable to place the onus for a potential delay on the appellant and not the party that actually initiated the underlying reexamination.

Accordingly, the court can find no error in the R&R's treatment of the "status of the reexamination" consideration.

b.    Relationship Between the Parties

IPX also challenges the magistrate judge's assessment of the "relationship between the parties," arguing that the R&R gave too much weight to this factor in light of the parties' supposedly limited market overlap and Imagevision's failure to request a preliminary injunction. (D.I. 63 at 8.) The parties' status as competitors, however, has already been established in this litigation, (D.I. 62 at 14), and IPX's suggestion that this competitive relationship is more limited

---

[6] Indeed, the court addressed precisely this issue in its November 15, 2012 Memorandum and Order. (D.I. 45 at 9.)

than described in the R&R is both disputed by Imagevision, (D.I. 64 ay 8), and insufficient to convince the court that the magistrate judge's finding on this point was clearly erroneous or contrary to law. Additionally, judges in this district have recognized that, while a request for preliminary injunctive relief may be indicative of a competitive relationship, it is non-dispositive as to the issue. *See, e.g.*, *Belden Techs. Inc. v. Super. Essex. Commc'ns LP*, No. 08-63-SLR, 2010 WL 3522327, at *3 n.4 (D. Del. Sept. 2, 2010) ("The request for a preliminary injunction is simply one (non-dispositive) indicia of the presence of direct competition."). The court discerns no error in the examination of this sub-factor.[7]

        2.     Issue Simplification

The second element of the traditional three-factor stay analysis is "whether a stay will simplify the issues in question and trial of the case." *First Am. Title Ins. Co.*, 2012 WL 769601, at *4. In examining this factor, the magistrate judge wrote:

> In its original decision, this court found that issue simplification "disfavored" a stay, but upon review, the district court found simplification weighed slightly in favor of a stay. Since *inter partes* reexamination has been granted, and the claims of the patent have been preliminarily rejected, simplification weighs more strongly in favor of a stay. Moreover, reexamination was granted under the new heightened standard of the AIA, which means defendant is reasonably likely to prevail on invalidity. Regardless of this determination by the PTO, a number of issues remain that can only be addressed by the court.

(D.I. 62 at 10.) Despite the R&R's explicit recognition that this factor weighs more strongly in favor of a stay given the PTO's grant of the reexamination request under the AIA standard, IPX still complains that the magistrate judge erred in not giving it sufficient weight. (D.I. 63 at 6.) In particular, IPX appears to take issue with the R&R's observation that the PTO is incapable of

---

[7] IPX also suggests that the R&R did not properly take into account the potential for it to be prejudiced if the stay request is denied. (D.I. 63 at 8–9.) Yet, as the magistrate judge noted, IPX "fail[ed] to cite any legal basis that litigation alone constitutes hardship or inequity." (D.I. 62 at 16)

addressing all the matters before the court. (D.I. 62 at 10.) In the defendant's view, "The fact that there are issues in the litigation that are not addressed in the USPTO should have been given little, if any, weight. If, as is likely, all claims of the '925 patent are invalid, then every other issue in the case will be moot." (D.I. 63 at 7.) While this may be true, the court cannot find that the R&R was in error—IPX fails to recognize the speculative nature of its reexamination predictions, and the PTO's published statistics suggest that at least some claims will survive intact or in an amended form. (D.I. 22 at Ex. B.)

### 3. Stage of Litigation

The final factor is "whether discovery is complete and whether a trial date has been set." *First Am. Title Ins. Co.*, 2012 WL 769601, at \*4. Staying a case in its early stages "can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *SenoRx, Inc.*, 2013 WL 144255, at \*5 (internal quotation omitted). On the other hand, when the court is faced with a stay decision in the later stages of an action, "the Court and the parties have already expended significant resources on the litigation, and the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion." *Id.*

The R&R found that this factor does not favor a stay, noting that "[a]lthough no trial date has been set, discovery is ongoing, a scheduling order has been issued, with cut off dates for discovery, including expert discovery, and the *Markman* process and letter briefs on case dispositive motions loom in the near future." (D.I. 62 at 8.) IPX contends that the magistrate judge applied the wrong standard and emphasizes the oft-repeated question of "whether discovery is complete and whether a trial date has been set." (D.I. 63 at 5.) Noting that

9

discovery is not yet complete here, and that, while a scheduling order is in place, no precise trial date has been set, IPX maintains that this factor weighs in favor of a stay. (*Id.*)

Though the court appreciates IPX's argument on this point and believes the analysis of this factor presents a close call, it again can find no clear error in the R&R's conclusion. While the formulaic language generally recited by judges in this district is "whether discovery is complete and whether a trial date has been set," as suggested above, the rationale underlying this "stage of litigation" factor does not demand such an inflexible approach. *See SenoRx, Inc.*, 2013 WL 144255, at *5 (focusing on whether the court and litigants have already been required to expend "significant resources on the litigation"). The magistrate judge properly examined this factor in light of other decisions from this district and found it significant that the parties have already engaged in substantial discovery.[8] (D.I. 62 at 7–9.)

In both its treatment of the three factors and its ultimate conclusion, the R&R was neither clearly erroneous nor contrary to law.

## V.   CONCLUSION

For the foregoing reasons, the court will adopt the R&R and deny IPX's Renewed Motion to Stay the Proceedings Pending Reexamination.

Dated: April 22, 2013

CHIEF, UNITED STATES DISTRICT JUDGE

_____

[8] The R&R notes that "[c]ontrary to defendant's representations regarding discovery, plaintiff has produced almost 38,000 pages of confidential documents in response to defendant's first set of document requests. Plaintiff points out discovery began in June 2012, written discovery and documents have been exchanged, significant discovery issues were addressed by the court during a discovery dispute conference in November 2012, the *Markman* process begins in May, with a claim construction hearing scheduled in June 2013, fact discovery closes in July, and expert discovery ends in November 2013, which is immediately followed by case dispositive motion practice." (D.I. 62 at 7.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IMAGEVISION.NET, INC.,                      )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )        Civil Action No.  12-054-GMS-MPT
                                            )
INTERNET PAYMENT EXCHANGE, INC.,            )
                                            )
            Defendants.                     )
                                            )

## **ORDER**

At Wilmington this **2 2** day of April 2013, consistent with the memorandum opinion

issued this same date, IT IS HEREBY ORDERED that:

1.    The Magistrate Judge's Report and Recommendation (D.I. 62) is ADOPTED; and

2.    The  defendant's  Renewed  Motion  to  Stay  the  Proceedings  Pending

Reexamination (D.I. 50) is DENIED.

CHIEF,  UNITED STATES DISTRICT JUDGE